## BEAN *v.* BRACKETT.

Upon a petition to the court of common pleas, under the statute for an account of the mortgage debt and costs, and of the rents and profits received by the mortgagee, and to redeem, the rule in equity that on a bill to redeem, the complainant is bound to pay costs, though he succeeds in his claim, is not applicable. That rule is controlled by our statute allowing costs to the prevailing party, and this statute ordinarily governs the costs of the statute proceeding.

Where the petitioner in such case succeeds in obtaining an account, by which it appears that the mortgage interest and costs are fully paid by the rents and profits received, he is entitled to a decree of discharge, and, as the prevailing party, to his costs.

THIS case having been before the Supreme Judicial Court upon the merits, at the June term, 1856, is reported 34 N. H. 102. It was a petition to redeem certain premises held by the petitionees as assignees of the mortgagee. It was settled by the court that the petitioner has the right to redeem, and it was agreed by the parties that the rents and profits received before and since the filing of the petition, at September term, 1844, amount to more than enough to pay the amount due the petitionees on the mortgage assigned to them; and it was decreed that the mortgage should be discharged; and thereupon both parties, the petitioner and the petitionees, move that they may be allowed costs, and the question is transferred to this court for decision.

*Rand & Farr*, and *H. A. Bellows*, for the defendant, cited 3 Dan. Ch. Pr. 1525, 6, and notes; *Detillin* v. *Gale*, 7 Sum. Vesey 584, and notes; *Saunders* v. *Frost*, 5 Pick. 271–2; *Cranston* v. *Johnson*, 3 Sum. Ves. 170, note 6; *McNiell* v. *Call*, 19 N. H. 403; to the point that where a party files a bill to redeem, he must pay costs to the mortgagee, though he is successful; the only modification being where the defence has been in bad faith and entirely unconscientious. 19 N. H. 403; 5 Pick. 271; 7 Ves. 583; *Bellows* v. *Stone*, Coös Co.

*Goodall & Carpenter*, and *C. R. Morrison*, for the plaintiff,

cited Dan. Ch. Pr. 1528, 30; to the point that costs must be paid where the proceeding is made necessary by the wrongful refusal to account. If the defendant improperly resists the claim to redeem, as was done here under an adverse title, he must pay costs. *Vroom* v. *Ditmas*, 4 Paige 527; *McNiell* v. *Call*, 19 N. H. 403; Dan. Ch. Pr. 1530.

The prevailing party is entitled to costs. Rev. Stat., ch. 191, sec. 1; *McNiell* v. *Call*, 19 N. H. 403; *Wendell* v. *N. H. Bank*, 9 N. H. 404.

The general rule is not changed by the statute granting the petition to redeem. Rev. Stat., ch. 131, sec. 11. In the original statute, (Laws 1830, p. 488,) the provision allowing costs to the prevailing party was general, and the Revised Statutes should be so construed.

BELL, J. These are motions for the allowance of costs upon a petition to redeem a mortgage, under the sections 8, 9, and 10, of ch. 131, of the Revised Statutes.

This statute provides that the mortgagee, upon a request made in writing by the mortgager, shall make out and deliver to him, or his agent, a just and true account of all his demands, secured by sub-mortgage, and all damages and costs incurred by reason of the non-performance of the condition thereof, and of all rents and profits by him received. Sec. 8.

If he shall unreasonably refuse or neglect to make out or deliver such account, the court of common pleas, upon petition by the mortgager, setting forth the facts in the case, and due notice given to the parties interested, shall determine the amount justly due, after deducting rents and profits received. Sec. 9.

Upon such amount being brought into court and lodged with the clerk thereof, the court shall decree that such mortgage be discharged, and a copy of such decree recorded in the registry of deeds for the county in which such lands lie, shall have the same effect as a release duly executed by the mortgagee. Sec. 10.

The petitioner claims costs on the ground that he is the pre-

vailing party, and the petitionees on the ground that by law the party who petitions to redeem a mortgage does not recover costs even if successful, but is liable to pay costs to the mortgagee.

We are referred by the petitionees to various authorities tending to establish the general position, that it is a settled doctrine of the courts of equity in England, and in some of the States, that the party who files a bill to redeem does not recover, but pays costs, if successful; and we may on their authority regard that matter as settled. It does not, however, by any means certainly follow, that in this State that rule would be followed, even in a bill in equity, since the Revised Statutes place the rule in regard to costs on a different footing from that which prevails in England.

The Revised Statutes provide that costs shall follow the event of every action or petition, unless otherwise ordered by the law, or by the court. Ch. 191, sec. 1; and sec. 7, " In all actions or petitions pending in the superior court or court of common pleas, the said ·courts may, on motion and on good cause shown, limit and allow such costs as they may deem just and reasonable." The settled construction of the first section is, that the party prevailing in any action or petition is entitled to costs, unless the law makes a different provision, or the court make a different order; and it seems to be just and reasonable that the party who shows that he could not obtain his legal right without a suit, should recover the expenses of the proceeding to which he had been driven by the fault or folly of the other side.

The statute giving this statutory remedy provides, that " if, upon the hearing of any petition, as aforesaid, any issue of fact shall arise, such issue, if either party elects, may be determined by a jury, and costs shall be awarded to the prevailing party." This statute makes no exception to the general rule in favor of the mortgagee.

In this case the petitioner sought an account of the mortgage debts and costs, and of the rents and profits of the mortgaged property, which he had previously requested the petitionees to furnish him, without success, and to redeem the mortgage. He

has succeeded in obtaining the account he needed, and upon its appearing that the balance of the debt has been paid by rents and profits received pending the petition, he has obtained a decree of discharge of the mortgage. He has succeeded in all the objects of his petition. He is, therefore, the prevailing party, and is entitled to costs of the proceedings, unless he comes within the last exception. The question then is, whether the court in the exercise of their discretion should make an order refusing the petitioner his costs in whole or in part, or granting costs to the petitionees.

The cases here and elsewhere as to costs on bills to redeem, are not binding upon us in this case, because they do not apply to this statutory proceeding, and are to be regarded only as they may seem to establish a reasonable and equitable rule. Among these is the case of *McNeill* v. *Call*, 19 N. H. 403. It was there admitted, as the general rule in equity, that in a bill to redeem mortgaged premises, the plaintiff pays costs to the mortgagee, though he obtains the relief claimed ; but it was held that this rule was subject to the exception that if the conduct of the mortgagee was either unreasonable or oppressive, he should not recover, but should pay costs. And *Detillin* v. *Gale*, 7 Ves. 583, and *Slee* v. *Manhattan Co.*, 1 Paige 81, and *Brockway* v. *Wells*, 1 Paige 617, are cited in support of the exception. The case of *Van Buren* v. *Olmstead*, 5 Paige 9, cited by the court, is still stronger, because it holds that if the party offers to pay the amount equitably due, before he files his bill to redeem, he is entitled to costs. The court in that case charged the defendant with the costs, on the ground that his defence was entirely unconscientious. They also held that under our statute the plaintiffs in the bill were substantially the prevailing parties, because they had shown their right to redeem, and to maintain their bill. And they agree with the Massachusetts court in *Saunders* v. *Frost*, 5 Pick. 271, 274, that the rule in equity, that the mortgager is under no circumstances entitled to costs, is unreasonable, and opposed to the statute in force there, which is like our own.

This case, in which the court have refused here to apply the rule in equity, even in the case of a bill to redeem, is decisive as to the rule on this petition, where the ordinary rule of the statute must govern.

The only ground on which the defendants claim costs, that the petitioner's claim rested on a mortgage made in fraud of the bankrupt law, was substantially overruled in the decision upon the case, and under the statute on this subject of costs we do not regard it as necessary for the petitioner to show that the defendant acted with bad faith; it is enough if he has refused to perform the duty the statute has imposed on him of rendering an account.

It is suggested in the argument, that in the statute of which ch. 131, secs. 8 to 12, is a revision, the provision giving costs to the prevailing party is not limited to the case of a trial by jury, and that these sections, being merely a revision, ought to be construed as giving costs to the prevailing party in all cases; but we have not thought it necessary to consider this point, as it could make no difference in the result to which we have arrived upon consideration of the general statute.

The mortgage held by the petitionees must be decreed to be discharged, with costs to the petitioners.